UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID P. BROWN, | No. C 05-2937 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| JEANNE WOODFORD, CDCR Director; et al., | |
| Defendants. | |

## INTRODUCTION

David P. Brown, a prisoner at the California State Prison at Avenal, filed a pro se civil rights action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"). The court reviewed the original complaint and dismissed it with leave to amend. The court determined that no § 1983 claim regarding medical care had been pled as there was not deliberate indifference but only a difference of opinion about the proper approach to Brown's foot problems. The court further determined that the ADA claim was deficient in that Brown had not named a proper defendant. The court granted leave to amend the ADA claim. Brown then filed an amended complaint, which is now before the court for review pursuant to 28 U.S.C. §1915A.

## DISCUSSION

A.   <u>Section 1983 Claim</u>

In his amended complaint, Brown attempted to replead the § 1983 claim regarding the medical care of his feet. The materials in the court file, including the amended complaint, show a difference of opinion as to what to do about his club feet rather than deliberate indifference thereto. One part of the amended complaint causes concern at first glance, but ultimately is not sufficient to state a claim for a constitutional violation. Specifically, Brown suggests that Dr. Wilson provided poor medical care on December 2, 2004: Brown visited with Dr. Wilson on the yard and complained to Dr. Wilson about his foot problems, but Dr. Wilson did not view or examine his feet or schedule him for an appointment. The exhibits and other allegations in the amended complaint show that Dr. Wilson was not purporting to provide medical care that day. Brown was interviewed/evaluated by Dr. Wilson on December 2 on his inmate appeal and not as a doctor visit. Amended Complaint, Exh. 3. Inmate appeal responses stated that Brown had been receiving ongoing care from a podiatrist, was seen by the podiatrist on October 13, 2004 and November 11, 2004, and had received a foot x-ray on November 10, 2004. The podiatrist had "recommended surgery to correct/restore normal function." Amended Complaint, Exhs. 8 and 9; <u>see also</u> Exh. 5. It was on this basis that Brown's request for custom-fitted shoes was denied. <u>Id.</u> In light of the circumstances, Dr. Wilson's failure to physically examine Brown on December 2, 2004, while interviewing Brown to evaluate an inmate appeal did not amount to deliberate indifference to Brown's medical needs.

B.   <u>ADA Claim</u>

The amended complaint, liberally construed, states a cognizable ADA claim under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) that he is an individual with a disability; (2) that he is otherwise qualified to

2

1 participate in or receive the benefit of some public entity's services, programs, or activities; (3) 2 that he was either excluded from participation in or denied the benefits of the public entity's 3 services, programs or activities, or was otherwise discriminated against by the public entity; and 4 (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's 5 disability. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002), cert. denied, 538 U.S. 6 921 (2003).

7 Liberally construed, Brown's allegation he was denied a requested accommodation (i.e., 8 special custom-fitted shoes) for his bilateral club feet so that he could participate in prison 9 activities states a claim under the ADA.

10 The defendants were sued in their individual and official capacities. None of the 11 defendants has liability in his or her individual capacity for the alleged ADA violation. See 12 Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002), cert. denied, 537 U.S. 1104 (2003). 13 The claim against the defendants in their individual capacities is dismissed with prejudice. The 14 only basis on which ADA liability would exist would be to the extent the defendants were acting 15 in their official capacity. A suit against a person in his official capacity is considered to be a suit 16 against the entity of which the officer is an agent. See Kentucky v. Graham, 473 U.S. 159, 165 17 (1985). The court will order service on Jeanne Woodford, who was the director of the California 18 Department of Corrections and Rehabilitation, and J. Brown, who was the warden at San 19 Quentin State Prison. That will suffice to bring in both the prison and the corrections department 20 of the state, i.e., the public entities covered by Title II of the ADA. There appears no reason to 21 serve process on the defendant doctors and nurses who worked at San Quentin at the relevant 22 time: they have no liability in their individual capacities and bringing those defendants in their 23 official capacities would be redundant as they all work for the CDCR and prison -- entities which 24 are being brought in by the naming of the CDCR director and the prison warden.

25
26
27
28

3

# CONCLUSION

For the foregoing reasons,

1. Plaintiff's amended complaint states a claim for relief under the ADA against Jeanne Woodford in her official capacity as the director of the California Department of Corrections and Rehabilitation and against J. Brown in her official capacity as the warden of San Quentin State Prison. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint, a copy of this order, and a copy of all the other documents in the case file upon (1) Jeanne Woodford, director of the California Department of Corrections and Rehabilitation in Sacramento, California, and (2) J. Brown, warden at San Quentin State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **June 2, 2006**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, she must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 7, 2006**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants'

4

declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

   c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **July 21, 2006**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

  7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

  IT IS SO ORDERED.

Dated: March 20, 2006

                 _____
                 SUSAN ILLSTON
                 United States District Judge