United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID P. BROWN, | No. C 05-2937 SI (pr) |
| Plaintiff, | **ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| JEANNE WOODFORD, CDCR Director; et al., | |
| Defendants. | |

## INTRODUCTION

David P. Brown, formerly a prisoner of the State of California, filed a pro se civil rights action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"). The court dismissed the § 1983 claim and found the ADA claim cognizable. The court found that, liberally construed, Brown's allegation he was denied a requested accommodation (i.e., custom-fitted shoes) for his bilateral club feet so that he could participate in prison activities stated a claim under the ADA.

This matter is now before the court for consideration of defendant Woodford's motion for judgment on the pleadings. Defendant argues that prison employees were not deliberately indifferent with regard to the medical treatment of plaintiff's club feet. That argument misses the point, as plaintiff's surviving claim is an ADA claim and not a § 1983 medical care claim. Defendant's motion will be denied.

**DISCUSSION**

A.    Standard For Judgment On The Pleadings

A Rule 12(c) motion for judgment on the pleadings may be brought at any time after the pleadings are closed, but within such time so as not to delay trial. Fed. R. Civ. P. 12(c). The standard applied to decide a Rule 12(c) motion is the same as the standard used in a Rule 12(b)(6) motion to dismiss for failure to state a claim. Judgment on the pleadings is appropriate when, even if all material facts in the pleading are accepted as true, the moving party is entitled to judgment as a matter of law. Hal Roach Studios, Inc. V. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

The court assumes, without deciding, that a motion for judgment on the pleadings is a proper motion even though defendant has not filed an answer. Rule 12(c)'s text allows the motion to be brought after the close of pleadings, but the operation of that part of the rule is unclear in a case, such as this one, where 42 U.S.C. § 1997e(g) applies. Section 1997e(g) permits the defendants in a prisoner civil action to waive the right to "reply" to a complaint, thus making it uncertain whether the pleadings never close or close immediately after plaintiff is done pleading.

B.    Defendant Is Not Entitled To Judgment On the Pleadings

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) that he is an individual with a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002), cert. denied, 538 U.S.

1  921 (2003).

2  Although § 12132 does not expressly provide for reasonable accommodations, one of the implementing regulations does: "A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7).

Monetary damages are not available under Title II of the ADA absent a showing of discriminatory intent. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. Id. The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40. The entity's duty is to undertake a fact-specific investigation to gather from the disabled individual and qualified experts sufficient information to determine what constitutes a reasonable accommodation, giving "primary consideration" to the requests of the disabled individual. Id. The second prong is not satisfied if the failure to fulfill this duty to accommodate results from mere negligence. Id.

The court earlier determined that, liberally construed, the allegations in the amended complaint that Brown was denied a requested accommodation (i.e., custom-fitted shoes) for his bilateral club feet so that he could participate in prison activities stated a claim under the ADA. The allegations in the amended complaint that supported this construction included the following: Brown filed a CDC form 1824 - reasonable modification or accommodation request on November 18, 2004, "requesting that he be fitted for a custom pair of shoes to relieve pain and enable him to participate in all activities and programs offered by the CDCR." Amended

3

1 Complaint. ¶ 10. His job required him to be on his feet for long periods of time. <u>Id.</u> at ¶ 14. He
2 was required to walk at a fast pace (to an unidentified location) over uneven terrain for a distance
3 of more than 500 yards. <u>Id.</u> at 15. He complained to Dr. Wilson about problems and pain he
4 was experiencing from walking and working. <u>Id.</u> at 19. Dr. Wilson responded to the request for
5 accommodation by authorizing him to be assigned to sedentary duty only. <u>Id.</u> at ¶ 21. Plaintiff
6 did <u>not</u> allege that he requested the assignment to sedentary duty or to be excused from other
7 laborious tasks. <u>See id.</u> Plaintiff also alleged that he "was denied his right to work to which he
8 was otherwise qualified and entitled and was denied the benifits (sic) therein. This denial
9 discriminated against plaintiff soley (sic) on the basis of his disability." Amended Complaint,
10 p. 7. The reasonable accommodation request form and his inmate appeal form indicated that he
11 wanted the special shoes for pain relief as well as to enable him to participate in all the activities
12 to which he was otherwise entitled. <u>See</u> Exh. 1 (requesting to be "fitted for a custom pair of
13 shoes that enables me to stand and walk with the least amount of pain, that allows me to
14 participate in all activities"); Exh. 6, p. 2 (denial of shoes "discriminates and denies me the
15 benefits of the services, activities, or programs that I would otherwise be entitled to").

16 Defendant has provided no legal authority that, when a prisoner requests special shoes
17 as an accommodation so that he can participate in a wide range of activities in prison, excusing
18 him from participating in the activities is a reasonable accommodation. This is so especially
19 when, as here, the prisoner allegedly wanted to be active and work. The fact that surgery was
20 reportedly recommended by a podiatrist for plaintiff's club feet – although there is no evidence
21 that the surgery was ever scheduled to occur – did not necessarily terminate the prison officials'
22 duty to provide special shoes until that surgery occurred. For example, if the surgery was not
23 going to occur for three years, it would be at least debatable whether it would obviate the need
24 to provide shoes in the interim so that the prisoner could participate in the activities and
25 programs for which he was otherwise eligible.

26 Defendant argues that she is entitled to judgment on the pleadings because plaintiff has
27 not pled and cannot establish that prison officials acted with the required mental state of
28 deliberate indifference. Defendant appears to have confused the § 1983 deliberate indifference

4

to medical care analysis with the ADA deliberate indifference analysis. For a § 1983 claim, the question is whether the defendant was deliberately indifferent to a need for medical care; for an ADA claim, the question is whether there was deliberate indifference to the "federally protected right" to participate in the programs and activities of the prison. See Duvall, 260 F.3d at 1135.

Giving the amended complaint the liberal construction to which it is entitled, the first prong of the deliberate indifference test is satisfied by the allegations that plaintiff identified special shoes as a specific, reasonable and necessary accommodation that the prison failed to provide and notified the prison of his need for the shoes so he could work and participate in other prison activities. The second prong is satisfied by the allegations that the prison officials failed to fulfill their duty to act in response to his request for shoes. Plaintiff may be able to prove, consistent with the allegations of the amended complaint, that the prison officials did not undertake a fact-specific investigation to gather from him and experts sufficient information to determine what constitutes a reasonable accommodation, giving primary consideration to his request for shoes. See id. at 1139-40. For example, there is nothing alleged in the amended complaint explaining why prison officials chose surgery rather than shoes, especially in light of the apparent serious nature of the surgery. See Plaintiff's Opposition, p. 2 (the two surgical procedures that had been discussed were cutting off his toes or breaking his toes and repairing them with screws). And there is nothing alleged in the amended complaint that surgery would enable plaintiff to participate in all the prison programs and activities for which he was otherwise eligible. Defendant is not entitled to judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings is DENIED. (Docket # 13.) In order to move this case toward resolution, the court now sets the following briefing schedule for further summary judgment motions:

1.  Defendant must file and serve her dispositive motion no later than **May 4, 2007**. If defendant is of the opinion that the case cannot be resolved by dispositive motion, she must file and serve such a notice by the deadline.

2.  Plaintiff must file and serve his opposition to the motion for summary judgment no later than **June 8, 2007**. Plaintiff is reminded to read the notice regarding summary judgment motions in the order of service as he prepares his opposition brief. Plaintiff is further reminded that, as long as he remains out of prison, he does not get the benefit of the prisoner mailbox rule and therefore must file his document with the court by the deadline and not merely deposit it in the mail by the deadline.

3.  If defendant wishes to file a reply brief, she must file and serve the reply brief no later than **June 22, 2007**.

IT IS SO ORDERED.

Dated: March 7, 2007

_____
SUSAN ILLSTON
United States District Judge